*J. S. Ray,* for appellee.

---

THOS. W. PASCHAL *v.* W. S. SHEPPARD.

**Costs—Liability for Board During Imprisonment.**

A person in prison under Civ. Process was liable under the statute of 1865, for his board during his confinement in the jail, at the rate of 75 cents per day, to be taxed as costs in the case, but was not liable under an implied assumpsit to the jailor.

APPEAL FROM PULASKI CIRCUIT COURT.

January 24, 1873.

OPINION BY JUDGE PETERS:

Appellant was arrested by the sheriff of Pulaski County, by virtue of a writ of *capias ad satisfaciendum* in favor of one Hubble, and delivered to appellee as jailor of said county and was detained by him in the jail of this county for a considerable length of time, till his board amounted to the sum of $127.75, according to the fees as fixed by law, and this action was brought to recover said sum against appellant. His demurrer to the petition was overruled by the court below, and having failed to plead further judgment was rendered against him and he has appealed to this court.

The statute provides that for keeping a person under civil process in jail and dieting, etc., the jailor shall have for each day seventy-five cents to be paid by the plaintiff, and to be taxed as costs against the defendant, etc. 1 R. S. 524. The compensation was increased to 75 cents per day by an act of 1865.

The compensation for the jailor for services such as are sued for in this action is provided for by law, and the person designated by whom the services performed by the jailor shall be paid for, and

to the person thus designated he must look. With the prisoners the jailor has no contract, either express or implied, and if he could recover from the prisoner the latter would be doubly responsible, first to the plaintiff in the writ, in the way of costs, and second, to the jailor on an implied assumption for the same demand, a burden which the law does not impose.

Wherefore the judgment is reversed and the cause is remanded with directions to sustain appellant's demurrer to the petition and for further proceedings consistent herewith.

*James, for appellant.*

*Morrow, for appellee.*